ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| ANA CARMEN VÁZQUEZ LAGO Y OTROS<br><br>Recurridos<br><br>v.<br><br>HOSPITAL MENONITA GUAYAMA INC. Y OTROS<br><br>Peticionarios | TA2025CE00829 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2023CV00250<br><br>Sobre: Impericia Médica |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de enero de 2026.

La parte demandada y peticionaria, Hospital Menonita Guayama, Inc. (HMGI), presentó un recurso de *certiorari* para impugnar la *Resolución Interlocutoria* dictada el 24 de octubre de 2025, notificada el día 27 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI). En el referido dictamen, el TPI denegó la petición de la parte demandante y recurrida del epígrafe para que se le entregase el *Análisis de Raíz de Causa, Manejo de Riesgo* (denominado *Informe de Evento Centinela*) y, a tales efectos, otorgó una orden protectora a favor del peticionario. No obstante, el TPI mandató el descubrimiento del *Informe de Incidente o Evento no Esperado* de la Oficina de Manejo de Riesgo.

Por las razones que expondremos, acordamos denegar el recurso discrecional de *certiorari.*

### I.

El caso del epígrafe se inició el 4 de abril de 2023, ocasión en que los demandantes del título instaron una *Demanda* por impericia médica, daños y perjuicios contra HMGI, The Medical Protective Company (MEDPRO) y otros demandados de nombres desconocidos, debido al

alegado fallecimiento torticero de la Sra. Ana Carmen Lago Malavé, acontecido el 30 de junio de 2022.[1] Los demandantes imputaron negligencia al peticionario y a sus empleados, por lo que solicitaron el resarcimiento de una suma global no menor de $600,000.00 por los daños de la causante y por sus propias angustias mentales.

HMGI presentó su alegación responsiva el 14 de junio de 2023.[2] En esencia, negó los señalamientos en su contra y aseguró que el cuidado médico brindado por los doctores, enfermeros u otros satisfizo las exigencias profesionales generalmente aceptadas y reconocidas, a la luz de los medios de comunicación y enseñanza, y conforme al estado de conocimiento de la ciencia y la práctica prevaleciente en la medicina para la prestación del mismo, bajo las circunstancias particulares del presente caso.

En lo que atañe al recurso de autos, el 22 de mayo de 2025, la parte demandante incoó la *Moción en Solicitud de Orden.*[3] Explicó que solicitó copias del *Análisis de Raíz de Causa, Manejo de Riesgo (*referido como *Informe de Evento Centinela)* y del *Informe de Incidente o Evento no Esperado* preparado por HMGI, pero que el demandado se negaba a producirlos por la alegada naturaleza confidencial, al palio de las disposiciones del Capítulo XIV del *Reglamento del Secretario de Salud para la Construcción, Operación, Mantenimiento y Licenciamiento de los Hospitales en Puerto Rico,* Reglamento Núm. 9184 de 1 de julio 2020. El 23 de junio de 2025, HMGI presentó su oposición y solicitó una orden protectora. El demandado acompañó su escrito con los aludidos informes, los cuales restringió, de modo que el TPI pudiera disponer de la controversia ante sí. Asimismo, el asunto se atendió en la vista de Conferencia Inicial, en la Vista sobre Estado de los Procedimientos y en

---

[1] Entradas 1 y 19, *Demanda Enmendada,* del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada 8 de SUMAC.
[3] Entrada 44 de SUMAC.

la Conferencia con Antelación al Juicio, celebradas mediante videoconferencia.[4]

Justipreciada la controversia, el 27 de octubre de 2025, el TPI notificó el dictamen impugnado, en el que pronunció lo siguiente:

> ATENDIDA LA MOCIÓN EN SOLICITUD DE ORDEN PRESENTADA POR LA PARTE DEMANDANTE PARA QUE LA PARTE DEMANDADA LE PRODUZCA EL *INFORME DE INCIDENTE* Y EL *INFORME DE EVENTO CENTINELA*, ASÍ COMO LA OPOSICIÓN Y SOLICITUD DE ORDEN PROTECTORA DE LA PARTE DEMANDADA; ESTE TRIBUNAL DISPONE LO SIGUIENTE:
>
> **SIN LUGAR** A LA SOLICITUD DE LA PARTE DEMANDANTE EN LO QUE RESPECTA A QUE SE LE PRODUZCA EL *INFORME DE EVENTO CENTINELA*. EN SU CONSECUENCIA [S]E EMITE ORDEN PROTECTORA A FAVOR DE LA PARTE DEMANDADA EN CUANTO A DICHO REQUERIMIENTO.
>
> **CON LUGAR** A LA SOLICITUD DE LA PARTE DEMANDANTE EN LO QUE RESPECTA A QUE SE LE PRODUZCA EL *INFORME DE INCIDENTE.*

Inconforme, HMGI acudió ante nos, en el último día hábil para ello, con el recurso de *certiorari* de marras y señaló los siguientes errores:

> **Primer Error:** Erró el Tribunal de Primera Instancia al ordenar la divulgación del *Informe de Incidente o Eventos no Esperados*, a pesar de tratarse de un documento confidencial preparado como parte del proceso interno de evaluación de calidad y seguridad del paciente, protegido por la política pública establecida en el Reglamento 9184 y por el estatuto federal *Patient Safety and Quality Improvement Act.*
>
> **Segundo Error:** Erró el Tribunal de Primera Instancia al equiparar el *Informe de Incidente o Eventos no Esperados* con un informe que un asegurado prepara para su aseguradora como parte del trámite de una reclamación por una caída en un establecimiento comercial.

El 8 de diciembre de 2025, la parte recurrida presentó su alegato. Con el beneficio de su comparecencia, procedemos a resolver.

## II.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene

---

[4] Entradas 40, 46 y 53 de SUMAC.

autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone que el recurso solamente se expide cuando se recurre de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, que versan sobre remedios provisionales e *injunctions*, respectivamente. También puede expedirse el auto discrecional cuando se deniega una moción de carácter dispositivo. Excepcionalmente, el *certiorari* puede expedirse cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Por igual, la norma procesal dispone expresamente que, al denegar la expedición de un recurso de *certiorari,* este Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari,* nos guiamos por los siete criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 62-63.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III.**

Un detenido examen del expediente del presente caso revela que el dictamen impugnado no está comprendido dentro del marco de decisiones interlocutorias revisables, al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra.* Es decir, nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari*

y revisar la cuestión según presentada. Tampoco, los planteamientos argüidos por HMGI nos persuaden para concluir que nuestra intervención sea necesaria para evitar un fracaso irremediable de la justicia, al palio de las normas procesales que gobiernan los autos discrecionales interlocutorios de *certiorari*.

Es nuestro criterio que la decisión del TPI se fundamentó en el ordenamiento procesal civil, que propende a un amplio descubrimiento de prueba. En este caso en particular, ese procedimiento está culminado, con la excepción del aludido *Informe de Incidente o Evento no Esperado*. En el ejercicio de su vasta discreción en aspectos de la administración y el manejo del caso, al ordenar su producción, el TPI —al igual que esta curia— tuvo la oportunidad de examinar el documento y evaluar la alegada confidencialidad, a la luz de la reglamentación aplicable. Así, pues, discernió entre el par de documentos y sólo protegió la confidencialidad del *Análisis de Raíz de Causa, Manejo de Riesgo*. Como se sabe, debemos abstenernos de intervenir con estos asuntos, no sólo por disposición de la Regla 52.1 de Procedimiento Civil, *supra*, sino porque el foro primario es quien tiene todos los elementos de juicio y está en mejor condición que nosotros para determinar las medidas adecuadas que garanticen la solución, justa y rápida del caso. A tales efectos, su decisión merece alta deferencia.

**IV.**

Por los fundamentos antes expuestos, denegamos el recurso de *certiorari* de epígrafe, al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones